IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:24-cr-00145

THEODORE MILLER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Revocation of Magistrate Judge Tinsley's Detention Order and for Reconsideration for Bond* (Document 20) and the United States' *Response to Defendant's Motion for Revocation of Detention Order and for Reconsideration for Bond* (Document 22), together with all exhibits.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Honorable Dwane L. Tinsley, United States Magistrate Judge, entered the *Order of Detention Pending Trial* (Document 18) following a hearing held on August 15, 2024. The Defendant was charged via a *Criminal Complaint* (Document 3), asserting that the Defendant had committed wire fraud in violation of 18 U.S.C. § 1343. The Defendant's motion seeking to revoke the detention order was filed on August 26, 2024. He was indicted on September 4, 2024.

The *Indictment* (Document 24) charges Mr. Miller with twelve counts of wire fraud, in violation of 18 U.S.C. § 1343, aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1957 and 2, and two counts of witness tampering in violation of 18 U.S.C. § 1512(b)(2)(B). It

alleges that Mr. Miller created a social media persona of a successful real estate investor to induce direct investments for specific real estate projects and investments in a pooled real estate investment vehicle, "Bear Lute." Both schemes allegedly induced investments through material misrepresentations, false promises, and omissions of relevant information. Counts Fourteen and Fifteen allege that Mr. Miller persuaded or attempted to persuade a witness to "alter, destroy, mutilate, and conceal" a backpack and a cell phone. (Indictment at 26-27.)

Judge Tinsley found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the Defendant's appearance as required. He noted Mr. Miller's significant ties outside the United States. Judge Tinsley explained:

> The defendant is currently 34 years of age and has lived in the Charleston, West Virginia, area since 2012 or 2013. He currently lives with his mother and wife. It now appears that his mother and wife may be targets to this investigation. He frequently travels to foreign countries and has traveled to approximately 15 different countries. It appears from the evidence presented by the United States that the defendant feels he can do what he wants, when he wants, and how he wants. Additionally, the Court is concerned by the losses to the investors. The Court does not believe that the defendant will abide by any conditions of release considering the messages he posted on social media. The Court does not believe that the defendant will cease and desist his criminal activity.

(Order of Detention, at 3) (Document 18.)

During the August 15, 2024 hearing, the United States presented testimony from FBI Agent Aaron Lee. He indicated that Mr. Miller's mother and wife, who shared his home, were both targets of the investigation. The United States then introduced recordings of jail calls between

Mr. Miller and his wife, mother, and brother.  Mr. Miller spoke with his wife about reporting his iPhone stolen and how to find his passwords to accounts from an item in his backpack, instructing her to then "make sure that that is not accessible to anyone else."  (US Ex. 1A at 14:02-14:07) (Document 23-1.)  Agent Lee explained that reporting an iPhone stolen would erase the data, although the FBI had seized the Defendant's phone and could prevent the loss of data.  The phone calls also include discussions of finances, items that could be sold, the risk of accounts being frozen, and money that could be collected from ATMs.  The United States also presented travel records showing that the Defendant "remained outside the country between February 12th, 2022 and August 8th, 2024," and travelled extensively prior to those dates.  (Tr. at 29::14-16.)  The United States presented evidence that the Defendant has a business based in Peru and may have assets abroad.  In addition, the United States played videos the Defendant had posted on TikTok, wherein he discussed spur-of-the-moment travel, concluding that he is "Teddy fucking Miller, and I do what the fuck I want to do."  (Miller TikTok at 1:40) (Document 23-3A.)  In another video, he explains that he structured Bear Lute to avoid SEC regulation and reporting requirements, including referring to quarterly distributions as "gifts."  (Miller TikTok at 0:05) (Document 23-3C.)  Agent Lee further testified that the Defendant had failed to comply with a cease-and-desist order from the West Virginia Securities Commission, directing him to stop selling unregistered securities through Bear Lute, and failed to respond to a subpoena from the SEC requiring him to appear in Texas on April 2, 2024.  The United States noted that the Bear Lute webpage seeking investors remains active.

   The Defendant emphasized his lack of criminal history or history of failing to appear in criminal matters.

The Pretrial Services Report indicates that Mr. Miller has lived in the Charleston area since about 2012. He attended WVU in Morgantown, West Virginia, prior to settling in Charleston, and earned a bachelor's degree in accounting in 2012. He has been married since 2021. He shares a home with his mother and wife in South Charleston, West Virginia, although he and his wife have been travelling outside the country extensively for more than two years. Since 2022, he has travelled to Peru, Columbia, France, Spain, Korea, Brazil, Thailand, Malaysia, India, and Vietnam. He has previously travelled to Italy, Germany, Greece, Turkey, Mexico, and Canada. His wife is from Peru. His father and brother live in Florida. The Pretrial Services Report recounts multiple civil complaints filed against Mr. Miller and his businesses which resulted in judgments against him. His criminal history is limited to minor traffic infractions. He is self-employed, and his business(es) are related to the charges contained in the Indictment. The Pretrial Services Report indicates that he has assets totaling $423,000.00, with unknown liabilities. He filed additional financial information on September 11, 2024, indicating that his assets include rental properties with substantial outstanding mortgages, limiting his net worth. (Document 31.)

## STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145, "[i]f a person is ordered detained by a magistrate judge…the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "A defendant ordered detained by a magistrate may seek *de novo* review in the district court." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). 18 U.S.C. § 3142 governs the release or detention of defendants pending trial. Defendants are to be released on personal recognizance or an unsecured appearance bond with only conditions prohibiting commission of crimes while released and requiring

cooperation with DNA collection "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the Court makes such a finding, defendants are to be released "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(c)(1)(B).

Factors that courts consider when determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person are found in 18 U.S.C § 3142(g) and include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or community that would be posed by the person's release. "The facts the judicial officer uses to support a finding…that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2). "With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

## DISCUSSION

The Defendant urges the Court to release him from custody on a $10,000 unsecured bond with standard terms and conditions. He argues that the criminal complaint involves a single victim with an alleged loss of $20,000. He emphasizes that the offense charged in the criminal

complaint occurred in 2022 (as did the charges contained in the Indictment, with the exception of the witness tampering charges that relate to the Defendant's jail calls). He argues that the bulk of the jail calls were innocent, that his international travel was legal, and that the TikTok videos were irrelevant to detention. He again argues that he has no prior criminal record and that detention on a white collar fraud charge is inconsistent with prior cases. The Defendant further contends that any risk of non-appearance related to his travel history may be resolved by requiring him to surrender his passport.

The United States contends that detention is appropriate. It notes that the offense contained in the criminal complaint was committed while he was living abroad, that he is married to a Peruvian citizen and has a Peruvian business. The United States cites TikTok videos in which Mr. Miller discusses unplanned and last-minute international travel. It further argues that the Defendant continued to operate Bear Lute in defiance of a cease-and-desist order and expressed his contempt for regulatory authorities in his response to the West Virginia Securities Commission, in a TikTok video claiming his Bear Lute program was designed to avoid SEC regulation, and in failing to respond to an SEC subpoena. In addition, the United States argues that he engaged in post-arrest obstructive conduct by telling his wife to report his phone stolen and tamper with items in a backpack to access various accounts, advising his mother to obtain money from ATMs, to "be smart," and to refrain from speaking with agents, and discussing the sale of assets with his brother. The content of those calls, particularly regarding liquidation of valuable assets, contributes to the United States' position that Mr. Miller is a flight risk, given his access to the resources necessary to leave the country, his ties to foreign countries, and his travel history. The United States also contends that the Defendant poses a threat to the community, given the allegations in the criminal

complaint and his ongoing operation of the Bear Lute program, which he promoted on social media to seek investors.

The Court notes at the outset that circumstances have changed since Judge Tinsley issued his detention order and since the parties briefed this motion. At that time, the Defendant was held on a criminal complaint asserting a single instance of wire fraud with a loss of about $20,000 to the victim. The Defendant has now been indicted on 12 counts of wire fraud involving multiple victims, with combined amounts of more than $100,000 listed in the indictment. The indictment also contains charges of witness tampering and the witnesses at issue share the home to which Mr. Miller seeks to be released.

Even absent the additional charges and facts adduced since the detention hearing, the Court finds detention warranted. Mr. Miller has extensive personal, familial, and economic ties to Peru, as well as a history of travel to several other countries. The Pretrial Services Report indicates that he has significant assets. The offense is of a financial nature, and Mr. Miller's alleged fraud occurred while he was outside the country, soliciting investors through social media and online communications. The calls reflect an effort to tamper with evidence, with the assistance of his wife, from jail. The TikTok videos reflect disregard for authority, as do the communications with the West Virginia Securities Commission. As to both the risk of nonappearance and the safety of any other person or the community, the Defendant's apparent disrespect for the law limits the effectiveness of any conditions the Court might impose to assure his appearance and protect the community. Absent detention, it would be difficult to ensure that the Defendant had no access to the internet, and therefore no ability to continue using online tools in his allegedly fraudulent investment schemes. He poses both a threat of financial harm to members of the public and a

threat of obstructive conduct. There is no suitable release residence, given the nature of his contact with his wife and mother, who may be targets of the investigation and who share his home.

Having considered the § 3142(g) factors, the Court finds that the United States has established, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any person or the community. The Court further finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the Defendant's appearance at future court proceedings. Therefore, the motion to revoke the detention order must be denied.

## CONCLUSION

After thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion for Revocation of Magistrate Judge Tinsley's Detention Order and for Reconsideration for Bond* (Document 20) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 18, 2024

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA