IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 2:24-cr-00145

THEODORE MILLER

**PROPOSED PROTECTIVE ORDER**

Before the Court is the United States's Motion for Entry of a Protective Order, which restricts the disclosure of certain documents, electronic records, and other information produced by the United States to the defendant that contain confidential, sensitive, and personally identifiable information of victims and non-parties. These documents, electronic records, and other information, shall be subject to the following Order:

1. For purposes of this Order, "PII" shall include addresses, dates of birth, financial account numbers, social security numbers, tax ID numbers, tax information, passport numbers, or driver's license numbers.

2. "Protected Material" shall include

   a. Any and all material obtained pursuant to a search warrant in case number 2:23-mj-00160 and

   b. any document or record that contains any PII of a victim.

3. The United States shall disclose Protected Material to the defendant through the defendant's attorneys of record as part of its discovery obligations consistent with the Federal Rules of Criminal Procedure and relevant case law.

4. The United States will mark the Protected Material with the phrase

"CONFIDENTIAL – PROTECTED MATERIAL." Where discovery is provided on physical media, only the physical media needs to be marked as "CONFIDENTIAL – CONTAINS PROTECTED MATERIAL."

5. If the defendant's attorneys seek to remove any documents, electronic records, or other materials produced by the United States from the scope of this Order, the defendant's attorneys must:

    a. Notify the United States of the specific materials sought to be removed, whether it contains PII, where it contains PII, and/or suggest marked redactions;

    b. Allow the United States reasonable time to respond, not to exceed five business days;

    c. Confer in good faith with the United States to resolve any dispute;

    d. After conferring, the United States will convey to the defendant's attorneys in writing any materials that the parties agree to remove from the scope of this Order or whether potential redactions (suggested and marked by the defense), and the United States;

    e. For any disputes that cannot be resolved, the parties will submit the issues requiring resolution to the Court. Any filings that include unredacted PII must be filed under seal.

6. Access to Protected Material shall be restricted to persons authorized by this Order, namely: the defendant's attorneys; authorized persons, who include the employees of the defendant's attorneys, experts, investigators, or consultants working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Material at trial or any other hearings in this matter with permission from the Court; the defendant (as detailed in paragraph 8 of this Order); and other persons deemed necessary by the defendant's attorneys for the purpose of investigating and preparing a defense in this case (as detailed in paragraph 9 of this Order).

7. The defendant's attorneys, or an employee on their behalf, may make

copies/reproductions of the Protected Material for disclosure to any of the authorized persons working as part of the defense team on this case, and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Material at trial or any other hearings in this matter with permission from the Court. However, no such disclosure of the Protected Material or copies thereof may be made unless and until the authorized persons working as part of the defense team on this case read this Protective Order and agree to be bound by its terms. Such copies and reproductions shall be treated in the same manner as the original materials.

8. The defendant's attorneys and authorized persons shall securely store the Protected Material in their law offices or home offices at all times, subject to the exceptions listed herein. The Protected Material (and any copies thereof) may also be stored in the business offices or home offices (or, if secured by password-protection and/or other encryption, cloud storage) of any personnel on the defense team allowed to review the Protected Material under the terms of this Protective Order. The Protected Material shall not be stored or maintained in any other locations. Accordingly, with the exceptions of (i) transporting the Protected Material to their law offices upon initial receipt; (ii) transporting the Protected Material between the law offices and the home offices of the defendant's attorneys and authorized persons; (iii) transporting the Protected Material to and from the courthouse for any court proceedings in the above-captioned case, to and from any meetings with other persons deemed necessary by the defendant's attorneys for the purpose of investigating and preparing a defense in this case, or to and from the jail to permit their clients to review the Protected Material; and (iv) transporting the Protected Material to the U.S. Attorney's Office after the trial and any appeal in this matter are concluded, the defendant's attorneys and authorized persons working as part of the defense team on this case shall not remove

the Protected Material (or any part thereof) from their respective offices.

9. The defendant's attorneys and authorized persons shall not otherwise disseminate the Protected Material, except as provided in this Order, and may not post such Protected Material to any social media or internet site, including the Court's public-filing system. The defendant's attorney may file redacted versions of the Protected Material with the Court's public-filing system as required by the Local Rules. The defendant's attorney may file unredacted Protected Material under seal.

**10. The defendant's attorneys may permit their clients to review the Protected Material in its unredacted form only while in the presence of the respective defendant's attorneys and the authorized persons working as part of the defense team on this case. The defendant's attorneys shall not permit the defendant to retain or store any of the Protected Material (or any copies thereof) following any such review. As such, the defendant cannot retain Protected Material at the jail or any other locations.** Furthermore, the defendant shall not be permitted to copy or memorialize the victims' PII from the Protected Material.

**11. However, the defendant may be allowed to review and retain copies of <u>redacted</u> versions of the Protected Material outside of defense counsel's presence. Redaction of the Protected Material will be the responsibility of defense counsel.**

12. Nothing in this Order shall restrict use by the defendant's attorneys of Protected Material during the defendant's investigation of the allegations and preparation of the defense or introduction of evidence at trial. However, while the defendant's attorneys and authorized persons

may share Protected Material with witnesses and individuals outside of the defense team as necessary for the investigation and preparation of the defense in this case, they shall not allow said individuals to copy, memorialize, or take notes of the Protected Material during any such review, nor shall they permit said individuals to retain or store any of the Protected Material (or any copies thereof) following any such review.

13. A copy of this Order shall be kept with printed copies of the Protected Material at all times. An electronic copy of this Order shall be available for review on any database housing the Protected Material.

14. Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, the defendant's attorneys shall return to government counsel, or destroy and certify the destruction of, all Protected Material within a reasonable period of time, not to exceed thirty days after the last appeal from a motion pursuant to 28 U.S.C. § 2255 is final.

Entered this 3rd day of October, 2024.



_____
Omar J. Aboulhosn
United States Magistrate Judge