**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:24-cr-00145

THEODORE MILLER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Theodore Miller's Unopposed Motion for Leave to File Objections* (Document 77) and the attached document, *Theodore Miller's Objections to the Order (ECF 66) Denying His Motion to Reopen Detention Hearing (ECF 62)* (Document 77-2). For the reasons stated herein, the Court finds that the motion to file objections should be granted, but that the objections should be overruled.

On October 15, 2024, the Defendant filed *Defendant's Motion to Reopen Detention Hearing* (Document 62). Magistrate Judge Omar J. Aboulhosn entered an *Order* (Document 66) on October 22, 2024, denying the motion to reopen the detention hearing and finding that the purported change in circumstances would not impact the basis for the finding that he "continues to pose a flight risk, a financial danger to the public, and serious doubt that [he] can and will abide by any terms and conditions…." (Order at 5.) Objections were due within fourteen (14) days. However, the Court granted a motion by Mr. Miller's attorney to be relieved of appointment as counsel and directed appointment of new counsel on October 30, 2024. Mr. Miller's replacement

counsel filed the motion for leave to file objections November 8, 2024. He contends that the additional time was necessary to meet with his client and his client's former attorney prior to preparing the objections. The Court finds that the Defendant has established good cause for consideration of the untimely objections.

Mr. Miller argues that the new information contained in his renewed motion for pretrial release was not previously considered and demonstrates that he will not be a flight risk or a danger to others or the community. He contends that he can now offer his father as a third-party custodian, indicating that his father will relocate to Huntington, West Virginia to share an apartment with him if he is released. In addition, he indicates that his financial accounts have essentially been frozen, rendering him unable to continue his business activities and eliminating any potential danger to the public. Furthermore, he offers to submit to GPS monitoring and to forego internet access or use. He argues that he is not a flight risk, given that he has surrendered his passport and lacks access to significant financial resources. Mr. Miller contends that Judge Aboulhosn erred by basing his decision on previous rulings denying release, because "those rulings were entered *before* Mr. Miller filed his motion to reopen the matter wherein he offered multiple new conditions that would secure his attendance." (Document 77-1 at 6.)

18 U.S.C. § 3142(f) provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The Court previously entered a *Memorandum Opinion and Order* (Document 43), concurring with an *Order of Detention Pending Trial* (Document 18) entered by the Honorable Dwane L. Tinsley, United States Magistrate Judge. That opinion detailed the facts and law relevant to pretrial release or detention, including Mr. Miller's extensive travel history and ties to other countries, his efforts to tamper with evidence and witnesses, and his disregard for authority. The additional conditions of release proposed by the Defendant do not constitute information not known to the movant at the time of the hearing that warrant reopening the detention hearing. They also do little to alleviate the Court's concerns. As the United States points out, the Defendant's father and proposed third-party custodian is a potential witness, and the Defendant has already been charged with witness tampering. The Court previously considered whether any condition or combination of conditions—including conditions limiting internet access—would reasonably assure his appearance and the safety of any other person and the community and found that his disrespect for the law would limit the effectiveness of any conditions the Court might impose.

Having again considered the § 3142(g) factors, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any person or the community. The Court further finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the Defendant's appearance at future court proceedings. The Defendant has not put forth new evidence that alters that conclusion. Therefore, the Court **ORDERS** that *Theodore Miller's Unopposed Motion for Leave to File Objections* (Document 77) be **GRANTED** and that *Theodore Miller's Objections to the Order (ECF 66) Denying His Motion to Reopen Detention Hearing (ECF 62)* (Document 77-2) be **OVERRULED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    November 19, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4