IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,

vs.

CASE NO. 2:24-CR-00145

THEODORE MILLER

### ORDER

Pending before the Court is the Defendant's *Renewed Motion to Reopen Detention Hearing* (ECF No. 85), the Government's *Response* in opposition (ECF No. 88), and finally, the Defendant's *Reply in Support of his Motion to Reopen Detention Hearing (ECF 85)* (ECF No. 89). Accordingly, the matters herein are fully briefed and ripe for decision. For the reasons set forth below, the undersigned **DENIES** the Defendant's *Renewed Motion*:

In support of his third motion to reopen the detention hearing, the Defendant again asserts that there has been some changes in circumstances since this Court denied his prior motion to reopen the detention hearing in this case: (1) the Defendant's father, David Miller, has two properties that are valued in excess of $50,000 that he is willing to put up to secure the Defendant's pretrial release; (2) the Defendant has ownership interests in and manages several residential properties within the Southern District, and has recently learned at least one of those properties was condemned by the St. Albans Fire Department (this property was leased to low-income residents); (3) the Defendant is willing to put these properties as collateral towards his bond; (4) the Defendant's wife has obtained her "green card" and is now a West Virginia citizen; and (5) the

Defendant has also recently learned that since his August 2024 arrest, his companies have raised additional capital.

The Defendant argues that these new and material changes warrant reopening the matter of pretrial release, in addition to being willing to submit to any number of conditions the Court may impose, which demonstrate he is not a flight risk or a danger to the community. The Defendant states that while he appreciates his prior counsel's representation during his initial detention hearing, he argues that there was insufficient time for his appointed counsel to introduce sufficient evidence on his behalf that justified pretrial release. For instance, the Defendant recently learned that his residential properties are vacant, and the condemnation of the Defendant's residential property in the City of St. Albans shows that he is unable to properly manage his business obligations while detained. Additionally, the Defendant recently learned that his company has raised additional capital, and that he cannot manage those funds or attend to his business obligations if detained. The fact that the Defendant, and his father, are willing to post their properties, in addition to the Defendant's wife's new citizenship, demonstrate the Defendant's strong ties to this District.

The Defendant notes that this Court previously denied his pretrial release in part due to his father, David Miller, was an inappropriate third-party custodian because he may be a potential witness in this case. At the time, the Defendant was unaware of this, as his father was attempting to secure joint housing for the both of them in Huntington, West Virginia, however, his father's willingness to post his properties to secure the Defendant's pretrial release is new and material information that the Defendant was unable to address at his initial hearing.

Regarding the Defendant's residential properties within this District, particularly the recently condemned property, the Defendant observes that not only does this jeopardize his own

financial interests, but it also jeopardizes those low-income residents who rely on such housing – being released from detention can alleviate these problems, and provides further incentive for the Defendant to comply with all terms of his pretrial release, should the Court grant same.

Having learned that some of the Defendant's business accounts have accumulated additional capital, the Defendant has also learned that his property manager and his vice president of operations are no longer performing their work duties, and therefore, the Defendant endeavors to stop his company from raising additional capital, return those funds to investors, and address the serious allegations against him in this proceeding. This not only protects the public from the alleged misconduct leveled against the Defendant, but also allows him to investigate the claims against him.

In sum, the Defendant contends that he and his family are willing to post properties of significant value to secure his release; he has interests in residential properties within this District that demand his attention, which shows he is not a risk of harm to the local community; he has strong familial ties to this District that reduce any perceived flight risk; and his company's recent accumulation of capital necessitates his attention so that he may address the serious allegations against him which shows the Defendant is not a risk of harm to the public.

In its **Response**, the Government opposes the Defendant's Motion, noting that the Defendant's then-appointed counsel was permitted two recesses by Magistrate Judge Tinsley to review evidence and prepare arguments in support of pretrial release. Further, during that initial hearing, it was learned that the Defendant had been living abroad for two and half years during the time of the Defendant's alleged fraudulent activities took place. It was further noted that the Defendant's wife and mother, with whom the Defendant was residing, were potential targets to the investigation and that the Defendant frequently traveled to foreign countries and demonstrated an

attitude of doing whatever he wanted whenever he wanted. For these reasons, and others, the Defendant was ordered detained pending trial in this matter. The Government points out that Counts Fourteen and Fifteen allege the Defendant persuaded or attempted to persuade a witness to "alter, destroy, mutilate, and conceal" a backpack and a cell phone.

    The Government asserts that none of the circumstances outlined by the Defendant in his third attempt to reopen his detention hearing constitute new information that is material to the issue of detention, or render any of this Court's previous findings supporting denial of the Defendant's requests to reopen detention less significant. Of further importance, the Government observes that the Defendant does not have a third-party custodian, therefore depriving this Court of its ability to ensure that the Defendant could meet any conditions for pretrial release. The Government also disputes that the additional collateral proposed by the Defendant was unknown to him earlier, and if it was, it has no material affect on his detention. The Government also argues that the $50,000 value of the proposed collateral is insufficient, as the Defendant is accused of cheating more than one hundred victims out of more than $430,000. The Government is unmoved by the Defendant's supposed familial bonds, as there is evidence he involved his mother in his schemes, convinced his wife to attempt to destroy evidence, and using his father as a "fall guy" strapping him with debt he could not repay. Again, the use of collateral from a potential witness is problematic, and increases any risk of obstructive conduct. The Government further argues that the Defendant's businesses and residential properties were always known to him, and that the Defendant had been put on notice of the potential condemnation of his property in St. Albans months before his detention hearing. The Defendant had run his businesses from abroad for two and a half years, and they have not caused him to stay within this District. The Defendant's wife's green card actually aggravates the flight risk the Defendant poses, because not only does she remain a Peruvian citizen,

but she can also now travel internationally without a travel permit restriction. The Government takes issue with the Defendant's desire to gain access to the additional capital raised by his company: the Government argues these are fraudulent funds that have been frozen, and that the Government intends to execute a search warrant to shut down those accounts.

The Government maintains that the Defendant remains a danger to the community, is a flight risk and poses further risks of obstruction and asks his latest motion to be denied.

### Pertinent Law

As previously noted, 18 U.S.C. § 3142(f)(2)(B) provides:

> "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Upon review of the Defendant's most recent *Motion* (ECF No. 85), the Court **FINDS** that the Defendant has not alleged any new "information exists that was not known to the movant at the time of the hearing and that has a *material* bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B) (*emphasis* added).

### Discussion

While the undersigned appreciates the Defendant's (and his father's) willingness to post certain real estate interests situated within this District, the undersigned finds the value(s) of the potential security to be severely lacking, given the alleged value of the losses suffered by the numerous victims involved in this case. As an additional matter, again, while the undersigned can appreciate the Defendant's ties to this District, the Court simply cannot ignore the allegations

herein that the fraud perpetrated upon numerous victims occurred while the Defendant was living abroad, thereby denigrating his argument that the familial ties or strong connections to this community warrant pretrial release. It also stands to reason that since the Defendant was able to solicit the alleged fraudulent investment opportunities while living abroad that he could similarly manage his low-income residential properties while incarcerated – the undersigned is not convinced the Defendant's release is imperative so that he may address these interests, given that they do not appear from the record at large to have been very important to the Defendant prior to his arrest. Finally, while the undersigned is mindful that the parties dispute whether the additional capital raised by his company is the fruits of fraudulent funds, the undersigned is troubled that the Defendant would even mention such revenue should be considered as support for pretrial release when the Government is taking a position that such funds are or will be frozen and subject to further investigation.

The undersigned incorporates by reference this Court's findings and reasonings set forth in its earlier orders denying the Defendant's prior requests for release from detention, having determined that there are no conditions or combination of conditions of release that will reasonably assure this Defendant will appear before this Court as required, or will reasonably assure the safety of any other person and the community. (See ECF Nos. 18, 43, 66, 75) To that extent, the undersigned restates this Court's earlier finding that it "does not believe the defendant will abide by any conditions of release considering the messages he posted on social media" and "does not believe that the defendant will cease and desist his criminal activity." (See ECF No. 18 at 3)

Therefore, the Court does hereby **DENY** the ***Renewed Motion to Reopen Detention Hearing*** (ECF No. 85).

In accordance with Rule 59(a) of the Federal Rules of Criminal Procedure, the ruling set forth above on the non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Irene C. Berger. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to the Defendant, Counsel for the Defendant, the Assistant United States Attorney, the United States Marshal, and the United States Probation Office.

ENTER: January 13, 2025.



Omar J. Aboulhosn
United States Magistrate Judge