**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:24-cr-00145

THEODORE MILLER,

                Defendant.

**ORDER**

On the 12th day of March 2025, came the Defendant, Theodore Miller, in person and by counsel, Gordon L. Mowen, II, and also came the United States by Holly J. Wilson, AUSA, and Joshua C. Hanks, AUSA, for the purpose of the Defendant's entry of a plea of guilty to Counts One and Twelve of the Indictment filed against him.

The Court inquired of the Defendant, both personally and through counsel, to determine the Defendant's competency.   The Court found the Defendant competent and capable of entering an informed plea.

Ms. Wilson summarized and offered for the Court's consideration the entirety of the written plea agreement in this case signed by both the Defendant and his counsel.   The Court reserved acceptance of the plea agreement until sentencing but ordered the original plea agreement filed with the Clerk.

1

The Defendant waived the reading of the Indictment. The Court inquired as to the Defendant's plea. The Defendant then pled guilty to Counts One and Twelve of the Indictment.

The Court read the pertinent portion of 18 U.S.C. § 1343 and explained the elements that the United States would have had to prove had this matter gone to trial. After hearing and considering the Defendant's explanation of why he considered himself guilty and the proffer of the United States, and having considered the parties' Stipulation, the Court found that there was a sufficient factual basis for the Defendant's plea of guilty.

The Court further informed the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), about the nature of the charges and the consequences of pleading guilty to the charges. After thoroughly explaining these issues and hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant understood the nature of the charges and the consequences of pleading guilty.

The Court also informed the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(3), (c)(4), of the constitutional and other legal rights the Defendant was giving up by pleading guilty. After thoroughly explaining these issues and hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant understood his constitutional and other legal rights.

The Court then inquired of the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(d), to insure that the Defendant's plea was voluntary. After hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant's plea was voluntary.

The Defendant executed a written plea of guilty which was witnessed by his counsel and ordered filed by the Court.   The Court **ACCEPTED** the Defendant's plea, but **DEFFERED** adjudging the Defendant guilty pending receipt of the presentence investigation report.   The Court **ORDERS** that the previously scheduled trial date in this matter is **VACATED**.

The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **May 7, 2025**; that the United States Attorney and counsel for the Defendant file objections to the draft presentence report with the Probation Office no later than **May 21, 2025**; that the Probation Office submit a final presentence report to the Court no later than **June 5, 2025**; and that the United States and counsel for the Defendant file a sentencing memorandum no later than **June 12, 2025**.   **THE AFORESAID PRESENTENCE REPORT DEADLINES HAVE BEEN ESTABLISHED BY THE COURT AND MAY BE ALTERED ONLY BY THE COURT.   REQUESTS TO EXTEND ANY DEADLINE SHALL BE SUBMITTED TO THE COURT IN WRITING IN ADVANCE OF THE ESTABLISHED DEADLINE.   SUCH DEADLINES WILL BE EXTENDED ONLY UPON GOOD CAUSE SHOWN.**

Pursuant to United States v. Booker, 543 U.S. 220 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), the United States and the Defendant are hereby **ORDERED** to file a Sentencing Memorandum addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) as may pertain to this case.   The Sentencing Memorandum may also address such other matters not previously addressed in the form of motions or objections to the Presentence Report and may include argument as to the appropriate sentence to be imposed.   Sentencing Memoranda shall be no more than five (5) pages in length.

3

The Court **ORDERS** that final disposition of this matter be scheduled for **July 2, 2025, at 10:00 a.m.**, and that the Defendant be detained pending sentencing.   The Court **DIRECTS** that the Defendant be committed to the custody of the United States Marshal for confinement and that the United States Marshals Service transport the Defendant from his location of confinement to his sentencing hearing.

The Court further **DIRECTS** that the Defendant be afforded reasonable opportunity for private consultation with counsel.   Finally, the Court **DIRECTS** that, on order of a Court of the United States or on request of an attorney for the United States, the person in charge of the correction facility in which the Defendant is confined deliver the Defendant for the purpose of an appearance in connection with court proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        March 12, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4