**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 2:24-cr-00145

THEODORE MILLER,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro se *Motion for Leave of Gordon L. Mowen to Proceed Pro Se and Motion for Gordon L. Mowen to Remain on as Standby Counsel to Mr. Miller* (Document 126), the *Motion for an Order Allowing Mr. Miller to Represent Himself and For Appointment of Standby Counsel* (Document 128), submitted by counsel, *Appointed Counsel's Motion to Withdraw* (Document 130, sealed), and the Defendant's pro se letter-form *Motion* (Document 144) to represent himself and withdraw his guilty plea.   The Court held a hearing on May 29, 2025, to address the motions.

The Court has also reviewed the Defendant's pro se *Motion to Withdrawal from Defendant's Plea Agreement* (Document 127), and the Court addressed that motion during the May 29 hearing as well.

## PROCEDURAL BACKGROUND

The Defendant, Theodore Miller, was charged via *Indictment* (Document 24) with twelve counts of wire fraud, in violation of 18 U.S.C. § 1343, aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1957 and 2, and two counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(2)(B).    On March 12, 2025, Mr. Miller entered a plea of guilty to two counts of wire fraud.    The Court accepted his plea following a thorough colloquy regarding his rights, the rights he was giving up by entering a plea of guilty, and the factual basis for his plea.    His motion to represent himself was filed on April 3, 2025, soon followed by a motion to withdraw his plea agreement on April 8, 2025.

## SELF-REPRESENTATION

The Defendant seeks to represent himself due to strategic disagreements with his counsel and a desire to fully control his defense.    However, he requests that Mr. Mowen remain as standby counsel, which he contends is necessary because there is a protection order restricting his access to portions of discovery in his case.    He also asserts that standby counsel would be helpful because he is incarcerated and would otherwise have difficulty accessing resources necessary for his defense.    His counsel concurs that, following a hearing establishing that his waiver of the right to counsel is knowing, intelligent and voluntary, Mr. Miller should be permitted to represent himself, and that standby counsel is appropriate in this case due to the protective order limiting Mr. Miller's access to discovery, to ensure orderly submission of materials, and to assist in navigating the trial process.    However, Mr. Mowen argues that he is ethically required to withdraw from representation due to Mr. Miller's contention that he signed a coerced and uninformed plea during the course of his representation.

2

During the May 29, 2025 hearing, Mr. Miller indicated that he still wished to represent himself.   The Court recounted the legal standard to permit waiver of counsel, and he confirmed that his waiver was voluntary.   He described his education level and stated that he understood the complexity and the potential pitfalls he would face.   The Court also advised him that he did not have a right to appointment of standby counsel, and if he chose to represent himself, he would be responsible for his own defense.   He confirmed that he wished to proceed without counsel, despite both the Court and his counsel advising him against doing so.

Mr. Miller's appointed counsel stated that he discouraged Mr. Miller from proceeding pro se, but believed that he was intelligent, competent to make the decision, and that the decision was knowing and voluntary.   He encouraged the appointment of standby counsel to ensure smooth progression of the case and to facilitate Mr. Miller's access to discovery.

The Sixth Amendment provides in relevant part, "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI. "Because this right is crucial both to the individual defendant and to the integrity of our system of justice, the Sixth Amendment requires that counsel be provided for a defendant who cannot afford to retain private representation in any case in which he will be incarcerated if convicted. But the Supreme Court has made clear that although courts are commanded to protect the right to counsel zealously, the defendant can waive the right if the waiver is knowing, intelligent, and voluntary." *United States v. Singleton*, 107 F.3d 1091, 1095 (4th Cir. 1997) (internal citations omitted).

A defendant seeking to represent himself "must knowingly and intelligently forgo those relinquished benefits" of the competent representation of counsel.   *Faretta v. California*, 422 U.S. 806, 835 (1975).   Defendants "should be made aware of the dangers and disadvantages of self-

representation" to ensure that the choice is knowing and intelligent.  *Id.*   A defendant's "technical legal knowledge" is "not relevant to an assessment of his knowing exercise of the right to defend himself."  *Id.*; *see also United States v. Ziegler*, 1 F.4th 219, 227 (4th Cir. 2021) ("All that is required is the competence to waive the right to counsel—not the competence to effectively represent oneself.")

"In order to preserve both the right to counsel and the right to self-representation, a trial court must proceed with care in evaluating a defendant's expressed desire to forgo the representation of counsel and conduct his own defense."  *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997).   Waiver of counsel must be "(1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021) (quoting *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013)).   The Court must also find that the defendant is mentally competent, which requires a finding that he "(1) has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) he has a rational as well as factual understanding of the proceedings against him."  *Id.* (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).   In *Ziegler*, the Fourth Circuit found that Judge Faber had sufficiently evaluated the defendant's competency because it "ensured that Ziegler knew the charges against him, understood the process, knew his rights, had some experience in the law, was warned that proceeding pro se was a bad idea, and understood the consequences of waiving his right to counsel and proceeding on his own," and personally observed the defendant.  *Id.* at 229-30.

"A defendant does not have the right to decline having standby counsel appointed." *United States v. Grier*, No. 23-4027, 2024 WL 3717057, at *2 (4th Cir. Aug. 8, 2024), *cert. denied*,

145 S. Ct. 1148, 220 L. Ed. 2d 440 (2025) (finding no abuse of discretion in requiring a Defendant to view discovery through standby counsel due to safety concerns). Neither does a defendant have a Sixth Amendment right to demand that standby counsel be appointed if he elects to represent himself. *United States v. Singleton*, 107 F.3d 1091, 1100 (4th Cir. 1997). "A trial judge has broad supervisory power over his courtroom and may within that discretion," deny hybrid representation or appointment of standby counsel to assist a defendant who chooses to proceed pro se. *Id.* at 1103. "[A] pro se defendant has no right to standby counsel when he chooses to proceed pro se." *United States v. Beckton*, 740 F.3d 303, 307 (4th Cir. 2014).

Based on Mr. Miller's statements and the Court's observation of his demeanor and conduct during the hearing and throughout the proceedings, the Court found that his waiver of counsel was knowing, intelligent, and voluntary, and that he was competent to choose to represent himself. Mr. Miller has a college degree and displayed an understanding of the proceedings, the charges against him, and the sentencing issues that are likely to arise. There have been no indications of mental competency issues at any point in the prosecution. As the Court ruled on the record, the Court finds a valid waiver of the right to counsel, and the Court finds no basis to deny his motion to represent himself.

As the Court explained during the hearing, the Court finds no need for standby counsel at this stage of proceedings. The United States and the Probation office may have to engage in additional coordination to permit Mr. Miller to review materials relevant to sentencing, but he has entered a plea agreement, pursuant to Rule 11(c)(1)(C), that included a detailed stipulation of facts, and sentencing is all that remains pending. Mr. Miller has also demonstrated, both with respect to this motion and throughout proceedings, that he will not follow the advice of counsel. He has

5

filed numerous frivolous pro se motions while represented by counsel, and he explained that he wishes to represent himself not because of any complaint with his appointed counsel, but because he wants full control of his defense and has strategic disagreements with his attorney.    Appointing a *third* attorney, who would have to devote substantial time to this case to proceed even in an advisory role, when Mr. Miller has shown little interest in following the advice of counsel, would not be a judicious use of CJA resources.    Therefore, the Court will grant Mr. Miller's motion to represent himself, deny the request for standby counsel, and terminate as moot his previous counsel's motion to withdraw.

Mr. Miller filed several pro se motions, which the Court did not address while he was represented by counsel.    As he is now representing himself, the Court will address those motions. The Court addressed the motion to withdraw his guilty plea on the record during the hearing.

## WITHDRAWAL OF GUILTY PLEA

Mr. Miller indicates that he "was mentally coerced into signing it by the Prosecutor Holly J. Wilson who was actively and openly threatening Mr. Miller and his family," including telling him that if he did not sign the agreement, his wife would be arrested and deported and other family members would be prosecuted.    (Mot. to Withdraw Plea, Document 127 at 1.)    He asserts that he was coerced because he was detained pending trial, because the prosecutor questioned his entitlement to court-appointed counsel, because there is a protective order limiting his access to discovery, because discovery is voluminous, and because of the legal threats to his family.    He contends that he is innocent of the charges alleged in the indictment, and that he actually owned the properties at issue.    He argues that his plan to file a motion to dismiss the indictment constitutes a fair and just reason for withdrawal of his plea.    Mr. Miller indicates that he has

learned that Ms. Wilson left the U.S. Attorney's office, and so he now believes he could receive a fair trial and would like to withdraw his plea.

Rule 11 provides that "a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence if…the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).[1] A hearing is required only when a defendant has presented such a fair and just reason for withdrawal. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Factors for consideration when presented with a motion to withdraw a guilty plea include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Id*.

Where a district court "properly conducted its Rule 11 colloquy," a defendant "must overcome a strong presumption that his guilty plea is final and binding." *United States v. Mayberry*, 125 F.4th 132, 141 (4th Cir. 2025), *cert. denied,* No. 24-6987, 2025 WL 1426763 (U.S. May 19, 2025) (citing *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted…a properly conducted Rule 11 guilty plea

---

1 Mr. Miller's motion argues that he is entitled to withdraw his plea for any reason or no reason pursuant to Rule 11(d)(1) because the Court has not yet accepted his plea agreement, and he made a similar argument in court. The Court deferred acceptance of the Rule 11(c)(1)(C) plea agreement or adjudging the Defendant guilty at the time of his plea hearing, but did accept his guilty plea, both on the record and as reflected in the Order (Document 120) entered following the plea hearing.

colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). "[A]n appropriately conducted Rule 11 colloquy can only serve meaningfully if the court is entitled to rely on the defendant's statements made under oath to accept a guilty plea." *Id*. at 417.

The Court finds that Mr. Miller has not put forth a fair and just reason for withdrawal of his plea. The inconveniences and risks attendant to any criminal prosecution do not constitute coercion or undue pressure to enter a plea. Mr. Miller's plea agreement contains a provision in which the United States agreed to terminate the investigation and prosecution of Mr. Miller's wife for obstruction of justice and any conduct related to Mr. Miller's fraudulent schemes following his conviction and final disposition.[2] The Court discussed that provision with Mr. Miller during his plea colloquy, and he confirmed that it did not induce him to plead guilty against his will or to admit conduct he did not actually commit. His description of his conduct for the factual basis of the plea was forthright and thorough, with detailed explanations of the fraudulent schemes at issue, and he did not object to the equally thorough factual basis offered by the United States. Mr. Miller has put forward nothing to overcome the presumption that his statements under oath during his plea colloquy were true and that they should be disregarded. Therefore, as stated on the record, the Court will order that the Defendant's motion to withdraw his guilty plea be denied.

---

2 While the Court is not aware of the details of any investigation or potential charges, the United States presented recorded jail calls in connection with the Defendant's motions for release from detention in which Mr. Miller and his wife discussed access to electronic devices and accounts, and he instructed her to ensure certain items were not accessible to anyone else. Thus, the record does not suggest that the United States' threat to prosecute Mr. Miller's wife was entirely empty or baseless.

**OTHER MOTIONS**

The Defendant also filed a pro se *Motion to Assert Rights Under the Fast and Speedy Trial Act 18 U.S.C. § 3164 and Be Released Pretrial* (Document 136), a *Motion to Invoke Protection Under the Sixth Amendment Right to Speedy Trial and Dismissal of Indictment* (Document 137), and a *Motion for Change of Venue* (Document 149).   Given the Court's denial of Mr. Miller's motion to withdraw his guilty plea, the Court finds these motions to be moot.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro se *Motion for Leave of Gordon L. Mowen to Proceed Pro Se and Motion for Gordon L. Mowen to Remain on as Standby Counsel to Mr. Miller* (Document 126), the *Motion for an Order Allowing Mr. Miller to Represent Himself and For Appointment of Standby Counsel* (Document 128), submitted by counsel, and the pro se letter-form *Motion* (Document 144) to represent himself and withdraw his guilty plea be **GRANTED** as to the requests for self-representation, and **DENIED** as to standby counsel.   The Court **ORDERS** that *Appointed Counsel's Motion to Withdraw* (Document 130, sealed) be **TERMINATED as moot**.

The Court further **ORDERS** that the Defendant's pro se *Motion to Withdrawal from Defendant's Plea Agreement* (Document 127) be **DENIED**.   Finally, the Court **ORDERS** that the Defendant's *Motion to Assert Rights Under the Fast and Speedy Trial Act 18 U.S.C. § 3164 and Be Released Pretrial* (Document 136), his *Motion to Invoke Protection Under the Sixth Amendment Right to Speedy Trial and Dismissal of Indictment* (Document 137), and his *Motion for Change of Venue* (Document 149) be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    June 2, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA